USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4-12-11_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | : <br> : <br> : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| WALL STREET BROKERS, LLC, | : |
| | : |
| Defendant. | : <br> : <br> : <br> : |

Case No.: 11-CV-0526 (PKC)

**ECF Case**

[Proposed] ~~PKC~~

**ORDER FOR ENTRY OF FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION AND ANCILLARY EQUITABLE RELIEF AGAINST WALL STREET BROKERS, LLC**

This matter now comes before the Court on Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") Motion For entry of default judgment against Defendant Wall Street Brokers, LLC ("WSB"). This Court has considered the entire record in this matter, including the Commission's motion, memorandum in support of its motion and the attachments to the memorandum, and finds that good cause exists for entry of the relief requested. Accordingly, the Court hereby:

**GRANTS** the Commission's Motion for Entry of Default Judgment, Permanent Injunction and Ancillary Equitable Relief against Defendant WSB and enters findings of fact and conclusions of law as detailed below finding defendant WSB liable as to all violations as alleged in the Complaint. The Court further grants the Commission's request to order a permanent injunction and to assess civil monetary penalties against WSB.

# I.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   PARTIES

**Plaintiff:**   The Commission is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Commodity Exchange Act ("Act"), as amended, to be codified at 7 U.S.C. § 1 *et seq.*, and the Commission's Regulations ("Regulations") promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

**Defendant:**   WSB is a limited liability company formed in Delaware in 2008 and it maintains a registered agent in the state of Delaware.  WSB operates through the website wsbrokers.com, through which it solicits and accepts customer accounts for off-exchange foreign currency ("forex") transactions.  According to its website, WSB is located in Wilmington DE.

### B.   PROCEDURAL HISTORY

On January 26, 2011, the Commission filed a Complaint charging defendant WSB with illegally operating as a retail foreign exchange dealer ("RFED") without registration with the Commission in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

Also on January 26, 2011, upon application by the Commission, the Court issued an *Ex Parte* Order to Show Cause for Preliminary Injunction and Other Equitable Relief (the "Order to Show Cause").

Proper service was effected by personal delivery of the Summons and Complaint to WSB's registered agent on January 27, 2011 along with delivery of the same by overnight mail and e-mail to WSB and its registered agent. Proof of service was filed on January 28, 2011.

On February 2, 2011, the Court held proceedings in connection with the Order to Show Cause. As noted by the Court in the docket, Defendant WSB failed to appear.

On this same day, the Court issued the Order of Preliminary Injunction and other Equitable Relief ("Preliminary Injunction Order"), which, among other things, prohibited defendant WSB from engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i), and required WSB to take certain steps to prevent further violations of the Act and Regulation.

WSB's answer to the Complaint was due by February 17, 2011. WSB, however, failed to appear in this matter or answer the Complaint or otherwise defend this action. WSB has not complied with the terms of the Preliminary Injunction Order.

The Clerk of the Court issued a Certificate of Default against WSB on March 9, 2011, which, according to the affidavit of service filed with the Court, was served upon WSB by overnight mail and e-mail on this same day.

### C.     SUBJECT MATTER JURISDICTION

This action is within the subject matter of the Court because it was filed in accordance with Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2006), which provides that "whenever it shall appear to the Commission that any registered entity or other person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder... the Commission may bring an action in the proper district court of the United States...to enjoin such act or practice." Act § 6c(a), 7 U.S.C. § 13a-

1(a); *see CFTC v. Efrosman*, No. 05-CV-08422, 2009 WL 2958389, at *5 (S.D.N.Y. Sep. 16, 2009) (finding that, pursuant to Section 6c of the Act and 28 U.S.C. § 1331, a court has subject matter jurisdiction over an enforcement action brought by the Commission whenever it appears that there has been a violation of the Act).

Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that WSB transacts business in this District and certain acts, practices, and courses of business alleged in the CFTC's Complaint occurred, are occurring, or are about to occur within this District.

The Commission has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2) because (1) the transactions were offered to, or entered into (i) with persons who are not Eligible Contract Participants ("ECPs") and (ii) on a leveraged or margined basis;[1] (2) the transactions did not result in actual delivery or create an enforceable obligation to deliver;[2] and (3) neither the defendant nor its customers and prospective customers is one of certain enumerated persons.[3]

### D.     PERSONAL JURISDICTION

This Court has personal jurisdiction over WSB because WSB transacted business in New York by having an interactive website accessible in the District through which a forex trading account could be opened, soliciting at least one individual in New York by e-mail and engaging in a live chat via its website with at least one individual in New York. *See Chloe v. Queen Bee*

---

[1]      Sections 1a and 2(c)(2)(C)(i)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 1a, 2(c)(2)(C)(i)(I)(aa).
[2]      Section 2(c)(2)(C)(i)(II)(bb) of the Act, as amended by the CRA, to be codified at; 7 U.S.C. § 2(c)(2)(C)(i)(I)(bb).
[3]      Sections 2(c)(2)(C)(i)(I)(aa) and 2(c)(2)(C)(ii)(II) of the Act, as amended by the CRA to be codified at 7 U.S.C. §§ 2(c)(2)(C)(i)(I)(aa), 2(c)(2)(C)(ii)(II).

*of Beverly Hills, LLC*, 616 F.3d 158, 164-67 (2d Cir. 2010) (in a trademark action alleging infringement by a defendant's sale of certain handbags, finding jurisdiction over a California corporation that operated a website which allegedly offered handbags for sale in New York, among other states and outside of the U.S., and sold handbags to persons within New York through the website); *see also Energy Brands, Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 466 (S.D.N.Y. 2008) ("[E]ven a single, purposeful action directed at New York will be sufficient to confer personal jurisdiction over a defendant not physically present in New York, so long as that action bears a substantial relationship to the cause of action.").

### E.    DEFENDANT'S VIOLATIONS OF THE ACT AND REGULATION

On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), and the CRA, to be codified at 7 U.S.C. § 1 *et seq.*, with respect to off-exchange forex transactions.

Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), an entity must be registered if it wants to solicit or accept certain orders in connection with off-exchange forex transactions.

WSB has never been registered with the CFTC in any capacity, or applied for registration (or an exemption from registration).

Nonetheless, after October 18, 2010, WSB solicited or accepted orders from non-eligible contract participants ("non-ECPs") in connection with margined or leveraged forex transactions as a retail foreign exchange dealer ("RFED").  WSB is not one of the persons exempt from the

registration requirements applicable to this conduct enumerated in Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).  Therefore, WSB has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

Moreover, WSB acted as an RFED, as defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1).  Because WSB has failed to register as an RFED, it has violated Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. §5.3(a)(6)(i).

### F.    A PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF IS WARRANTED

The CFTC has shown that WSB has engaged, is engaging, and is about to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i).  Notwithstanding its default, the totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that WSB will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act.  In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act.  Furthermore, the nature of WSB's violations and the need to deter others from committing similar violations of the Act and Regulations warrants the imposition of a civil monetary penalty.

### II.

### <u>ORDER FOR RELIEF</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADGUDGED AND DECREED** that Defendant, WSB, has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i).  Therefore, judgment shall be and hereby is entered in favor of the Plaintiff, the Commission, and against WSB as follows:

## A.    PERMANENT INJUNCTION

Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(6)(i)

1.    WSB and all persons and entities insofar as they are acting in the capacity of officers, agents, servants, employees, successors, assigns, or attorneys of WSB, and all persons insofar as they are acting in concert or participation with WSB who receive actual notice of this order by personal service or otherwise, are permanently restrained, enjoined and prohibited from directly or indirectly:

a.    engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including, but not limited to, soliciting or accepting orders from any person that is not an ECP in connection with forex transactions and

b.    engaging in any conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), including, but not limited to, offering to be the counterparty - whether through straight through processing or otherwise - to its customers' forex transactions.

Removal of Website

2.    WSB and all persons and entities insofar as they are acting in the capacity of officers, agents, servants, employees, successors, assigns, or attorneys of WSB, and all persons insofar as they are acting in concert or participation with WSB who receive actual notice of this order by personal service or otherwise, shall remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which they solicit or accept orders or accounts from non-ECPs in connection with forex transactions or offer to be the counterparty to customers' forex transactions whether through www.wsbrokers.com, the Uniform Resource Locater ("URL") associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by WSB, in whole or in part.  This includes, but is

not limited to, submitting a removal request of the domain name(s) associated with the

aforementioned conduct and corresponding URL(s) to the appropriate web-host provider and/or

domain registration company.

3.       Any person or entity providing web-hosting or domain name registration services

in the United States for any website, domain name or affiliated URL under the ownership of

WSB, in whole or in part, which WSB uses to solicit or accept orders or accounts from non-

ECPs in connection with forex transactions at WSB or to offer to be the counterparty to

customers' forex transactions, including, but not limited to, www.wsbrokers.com, the URL

associated with such domain name, and/or any other domain name or URL created, operated,

hosted and/or authorized by WSB, in whole or in part, who receives actual notice of this Order

by personal service or otherwise shall:

    a.    remove or cause to be removed from the Internet all webpages, within their control, which are posted or authorized or to be posted or authorized by WSB or any persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of WSB, in which WSB: (i) solicits or accepts orders or accounts from non-ECPs in connection with forex transactions at WSB; or (ii) offers to be the counterparty to customers' forex transactions;

    b.    preserve all documents related to any website operated, in whole or in part, under the name wsbrokers.com, as well as any website that is substantially identical in appearance to that website; and

    c.    immediately notify counsel for the Commission of any other web page or website operated or controlled by or on behalf of WSB.

Trading Prohibition

4.       WSB, all persons and entities insofar as they are acting in the capacity of agents,

servants, employees, successors, assigns, or attorneys of WSB, and all persons and entities

insofar as they are acting in concert or participation with WSB who receive actual notice of this

order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained

from directly or indirectly:

a.  trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

b.  entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

c.  controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

d.  soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e.  applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

f.  acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

**B.    CIVIL MONETARY PENALTY**

5.    WSB shall pay to the Commission a civil monetary penalty of $280,000, plus

post-judgment interest.

6.      Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a).

7.      WSB shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn:  Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

If WSB chooses to make the payment by electronic funds transfer, it shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions.  WSB shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding.  Copies of the cover letter and the form of payment shall be simultaneously transmitted to David Meister, Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and to Stephen J. Obie, Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 140 Broadway, New York, NY 10005.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon WSB or any other entity or person that may be subject to any provision of this Order.

## NOTICES TO THE COMMISSION

**IT IS FURTHER ORDERED** that all notices required to be given by any provision in this Order shall be sent by certified mail, return receipt to Stephen J. Obie, Regional Counsel, U.S. Commodity Futures Trading Commission, Division of Enforcement – Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

## CONTINUING JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED**, at New York, New York  on this 12th day of April, 2011.

Honorable P. Kevin Castel
United States District Court Judge